United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UZMA S. RANA,<br><br>        Plaintiff(s),<br>  v.<br><br>PCCP DCP WEST HOTEL PARTNERS, LLC, et. al.,<br><br>        Defendant(s). | CASE NO. 5:10-cv-04116 EJD (PSG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>[Docket Item No. 26] |

Defendant Hilton Worldwide, Inc. ("Hilton") seeks to set aside the Clerk's Entry of Default obtained by Plaintiff Uzma S. Rana ("Plaintiff") after Hilton failed to answer or otherwise respond to the Complaint. Plaintiff opposes the request. The court found this matter appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b) and therefore vacated the associated hearing. Having reviewed the pleadings filed by both parties, the court has determined that Hilton's motion should be granted for the reasons stated below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the Complaint underlying this action on September 14, 2010, against Hilton, PCCP DCP West Hotel Partners, LLC ("West Hotel Partners"), and three individually named defendants. See Docket Item No. 1. On or about January 10, 2011, the law firm of Porter Scott was retained to represent all defendants except Hilton. See Declaration of David P.E. Burkett ("Burkett Decl."), at ¶ 2. In correspondence dated January 25, 2011, Porter Scott explained to Plaintiff's

1
CASE NO. 5:10-cv-04116 EJD (PSG)
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT (EJDLC1)

counsel that the firm could not accept service on behalf of Hilton because Hilton had not yet retained the firm, and further explained the firm's belief that Hilton was not a proper defendant in any event. Id. at ¶ 3. Porter Scott raised these issues with Plaintiff's counsel again on January 28th and February 16, 2011. Id. at ¶¶ 5, 6.

On March 8, 2011, Porter Scott learned for the first time in preparing a Joint Case Management Statement that Plaintiff intended to pursue this action against Hilton. Id. at ¶ 8. Porter Scott was also informed for the first time that Hilton had been served with the Summons and Complaint in January, 2011. Id. Porter Scott then took immediate action to investigate what had occurred. Id. It was later revealed that Hilton had been served on January 26, 2011, and had tendered its defense to West Hotel Partners on January 31, 2011. See Declaration of Sue Tom, at ¶¶ 5, 6. However, Hilton's correspondence containing the tender was either not received or not acted upon by West Hotel Partners until it received a telephone call from Porter Scott on March 8, 2011. See Burkett Decl. at ¶¶ 9, 10.

After clarifying the circumstances, Porter Scott requested that Plaintiff not seek entry of default while Hilton resolved the issue of its representation. Id. at ¶ 11. Plaintiff declined the request and moved for entry of default on March 9, 2011. Id. at ¶ 12; see also Docket Item No. 13. The Clerk entered Hilton's default on March 14, 2011. See Docket Item No. 17. Hilton, who has since retained Porter Scott, now seeks to set aside the default.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The district court has discretion to determine whether a party has sufficiently demonstrated "good cause." Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969). The court's discretion to relief is particularly broad where a party seeks to set aside *entry of default* rather than *default judgment*. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1985).

In the Ninth Circuit, three factors must be considered in a "good cause" analysis: (1) whether the defaulting party engaged in culpable conduct that led to default; (2) whether the defaulting party had a meritorious defense; or (3) whether reopening the default would prejudice the nondefaulting

2
CASE NO. 5:10-cv-04116 EJD (PSG)
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT (EJDLC1)

party. See Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). A motion to set aside a default may be denied if any of the three factors weigh against the moving party. See id. at 926. With respect to a defendant's "culpable conduct," conduct is culpable - as opposed to excusable - only where there is an intentional failure to answer. See TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697-98 (9th Cir. 2001).

    For the first factor, the declarations submitted on behalf of Hilton reveal that Hilton did not engage in culpable conduct; instead, the entry of default that occurred here may most aptly be described as the product of inadvertence. Hilton at all times intended to defend this case as demonstrated by the immediate tender of defense after service. It appears, however, that the process of obtaining representation and filing a timely responsive pleading became confused in communicating its intention to West Hotel Partners. Plaintiff should not gain an advantage based simply on that type of mistake.

    For the second factor, Hilton has adequately demonstrated the existence of a meritorious defense, at least for the purposes of this motion. See, generally, Kennedy v. McDonald's Corp., 610 F. Supp. 203 (S.D. W.Va 1995) (franchisor is not an "employer" for the purposes of Title VII of the Civil Rights Act of 1964).

    For the third factor, the court disagrees with Plaintiff's characterization of prejudice. The fact that she may need to litigate against Hilton, which could in turn delay final disposition of this case, is simply not enough to overcome the factors weighing in favor of setting aside the default. See Knoebber, 244 F.3d at 701 ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."). Indeed, Plaintiff reasonably expected to engage in litigation against all defendants when she filed this case. By setting aside the default, the court is merely restoring the parties to their initial positions.

    All factors weighing in favor of Hilton, the court finds good cause to set aside the entry of default. Accordingly, the motion will be granted.

## IV.   ORDER

    Based on the foregoing, Hilton's Motion to Set Aside the Clerk's Entry of Default is GRANTED and the default set aside. Hilton shall file an answer or other responsive pleading on or

before October 4, 2011.

The parties are ordered to comply with the deadlines previously scheduled by Judge James Ware in the Order filed March 17, 2011 (see Docket Item No. 18). The Preliminary Pretrial Conference, previously scheduled for February 24, 2012, is rescheduled for **March 2, 2012, at 11:00 a.m.** A Joint Preliminary Pretrial Conference Statement is due on or before **February 28, 2012.**

**IT IS SO ORDERED.**

Dated: September 20, 2011

EDWARD J. DAVILA
United States District Judge