**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
David P.E. Burkett, SBN 241896
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481 (telephone)
(916) 927-3706 (facsimile)

**Attorney for Defendants** PCCP DCP WEST HOTEL PARTNERS, LLC, MOUSTAFA BLAIH, MICHAEL RATHBURN, MARY QUINTANAR and HILTON WORLDWIDE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UZMA RANA,<br><br>        Plaintiff,<br><br>v.<br><br>PCCP DCP WEST HOTEL PARTNERS, LLC, a Delaware limited liability company; HILTON WORLDWIDE, INC., a Delaware corporation; MOUSTAFA BLAIH, an individual; MICHAEL RATHBURN, an individual; MARY QUINTANAR, an individual; and DOES 1 through 50.<br>        Defendants. | CASE NO. 5:10-cv-04116-EJD<br><br>**STIPULATION FOR PROTECTIVE ORDER RE: HILTON WORLDWIDE, INC. FRANCHISE AGREEMENT** |

By stipulation and agreement of the parties to this litigation, Plaintiff UZMA RANA and Defendants PCCP DCP WEST HOTEL PARTNERS, LLC., HILTON WORLDWIDE, INC., MARY QUINTANAR, MICHAEL RATHBURN and MOUSTAFA BLAIH (collectively, the "Parties"), by and through their respective counsel, hereby stipulate and agree as follows:

WHEREAS, the Parties anticipate that during the course of this action, the Parties will use or share the Hilton Worldwide, Inc. Franchise Agreement ("FRANCHISE AGREEMENT") produced by

1

**STIPULATION FOR PROTECTIVE ORDER RE: HILTON WORLDWIDE, INC. FRANCHISE AGREEMENT**

{01024505.DOC}

Hilton Worldwide, Inc. ("Hilton") which contains trade secrets or other sensitive, personal, confidential and/or proprietary information; and,

WHEREAS, the Parties wish to protect the confidentiality of the FRANCHISE AGREEMENT and information contained therein; and

Subject to and without waiving any objections to the discoverability of any information, the parties stipulate that access to and use of the FRANCHISE AGREEMENT and the information contained therein shall be governed by the provisions of this Stipulated Protective Order, and that the terms of the Stipulated Protective Order set forth herein may be entered by the Court. This Stipulated Protective Order shall apply to any and all copies, extracts, and summaries of the FRANCHISE AGREEMENT and the information contained therein.

IT IS HEREBY AGREED, STIPULATED AND ORDERED THAT:

1. In connection with the proceedings in this action the FRANCHISE AGREEMENT produced by Hilton and any information contained therein or information relating to information contained therein marked as "CONFIDENTIAL" shall be treated as described under the terms of this Protective Order (the "Order").

2. "Confidential Information" is any information contained in or relating to the information contained in the FRANCHISE AGREEMENT.

3. Document(s) that are confidential pursuant to this Order shall be so designated by writing, typing, stamping or otherwise affixing the legend "CONFIDENTIAL" (and such other and further legend as may reasonably be included to specify such confidentiality) on copies of the document. Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party, if all such documents are physically joined together and numbered sequentially so that the parties know to which documents this legend applies. Confidential documents also may be so designated after production by written communication and reproduction with a "CONFIDENTIAL" legend for purposes of substitution of the original documentation, and all Parties shall use their best efforts to ensure that no prior disclosure shall be used or re-disclosed contrary to the terms of this Order.

   (a) The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. Any such inadvertent or unintentional disclosure of Confidential Information shall be designated as Confidential Information as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure and the producing party shall provide counsel for the other parties with a duplicate copy bearing the legend "CONFIDENTIAL," whereupon the unmarked copies will be returned or destroyed.

   (b) The designation of information as "CONFIDENTIAL" shall not be construed as a concession by the designating party or any non-designating party that such matter is relevant or material to any issue in this action.

   4. Portions of deposition transcripts in which any Confidential Information is quoted, paraphrased, discussed or referred to, or in which the subject matter covered by any Confidential Information is discussed or referred to, shall be subject to the same confidential treatment as provided herein for the underlying Confidential Information and shall be designated as confidential. The court reporter will include in the transcripts the words "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER," on all pages that have been designated as containing Confidential Information, and all deposition exhibits that contain or constitute Confidential Information shall be attached to the transcript separately in a sealed envelope containing the following notice: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," together with a cover sheet stapled to the sealed envelope containing the case caption, signature of counsel for the party presenting the Confidential Information and a list of the title(s) of the documents containing Confidential Information. Requests for such confidential treatment may be made at the deposition or at the latest within thirty (30) days after receipt of a transcript thereof. All transcripts of depositions shall be treated as confidential for at least that 30 day period.

   5. Recognizing the legitimate confidentiality needs of the parties, all discovery shall be used only by the parties to this action for purposes of resolution of the claims asserted in this action, any trial, motion, appeal or arbitration related to the claims or defenses or issues presented in the pleadings of this action, and enforcement of any award or judgment thereon. Information designated as "CONFIDENTIAL" under this Order, and any summaries, copies, abstracts, or other documents

derived in whole or in part from information designated as confidential, shall be used only by the parties to this action, for the purpose of the prosecution, defense or settlement of the claims asserted in this action, any pre-trial, trial, re-trial and appeal of this action and the enforcement of any award or judgment based on such claims, or as outlined in this paragraph above, but for no other purpose and only in accordance with the provisions of this Order. Confidential Information shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes whatsoever. All persons to whom Confidential Information is disclosed are hereby enjoined from disclosing the same to any other person, including their clients, and from using the Confidential Information, except as provided herein.

   6. Confidential Information, produced pursuant to this Order may be disclosed, summarized, described or made available only to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), to a trier of fact or law in any forum in which the claims asserted in this action may be adjudicated or enforced and the administrators of that forum, and to "Qualified Persons." A Qualified Person is a person who falls into one of the categories set forth below:

   (a) a party, or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

   (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action, provided that such consultants or experts execute the form attached hereto as Exhibit A prior to receiving Confidential Information;

   (c) witnesses testifying at deposition or at the hearing of this matter either during their testimony or in preparation therefore, provided that such persons, consultants or experts execute the form attached hereto as Exhibit A prior to receiving Confidential Information;

   (d) court reporters employed in this action;

   (e) court personnel, including court reporters, and any special master or mediator appointed by the court or the parties, and the Court; and

(f) any independent document production services or document recording and retrieval services.

Any person or entity to whom Confidential Information is disclosed pursuant to subparagraphs (a)-(c) above, shall, prior to receiving such Confidential Information, be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form set forth in Exhibit A, such forms to be maintained by counsel for the party sharing Confidential Information and undertaking to have such forms executed.

If a party desires that any Confidential Information be filed with the Court as part of a motion, brief, or other pleading or filing, the party seeking to file such information shall first move the Court to order that the Confidential Information be filed under seal pursuant to the local rules of the Northern District, the Federal Rules of Civil Procedure, this Order and/or any other Court Order equally applicable to all Parties. Any party filing a motion to file under seal shall give Hilton ten (10) days notice prior to filing the motion and shall cooperate with Hilton in filing any affidavit or other documentation that Hilton deems necessary to support the motion and establish the confidential nature of the Confidential Information. If upon review of such a motion to file under seal, the Court denies the motion on its merits, the party seeking to file the Confidential Information shall provide Hilton with ten (10) days notice prior to filing any Confidential Material that it intends to file the Confidential Material notwithstanding the denial of the motion to file under seal. During the ten days following Hilton's receipt of such notice, Hilton shall have the right to appear and file a motion seeking to have the Confidential Material filed under seal or for other alternative relief. Any party that seeks to file Confidential Material after a motion to seal has been denied shall only file those portions or excerpts of any Confidential Material that are necessary to support its motion, brief or other pleading or filing.

At any hearing or proceeding in which any document covered by this Order is referred to, revealed or discussed, either party may require that the hearing or proceeding be conducted in chambers. Any records made of such proceedings shall also be sealed until further order of the Court, if any.

7. On the request of any party, any person who is not a Qualified Person shall be excluded from any deposition during the period in which Confidential Information is used, referred to or discussed.

8. The restrictions set forth in this Stipulation and Order shall not:

(a) apply to any discovery matter which a party can show was lawfully possessed, obtained or developed by it other than through discovery in this action;

(b) apply to any information which lawfully is or lawfully becomes public knowledge, not in violation of this Stipulation and Order;

(c) operate as an admission by the recipient that any of the information contains or reflects confidential information;

(d) prejudice in any way the right of any party or non-party to object on any basis to the production of discovery matter it considers not subject to discovery;

(e) prejudice in any way the right of any party or non-party to seek a determination from the Court as to whether particular information shall be produced;

(f) limit in any way the use to which information may be put by the producing party or non-party;

(g) prejudice in any way the right of any party or non-party to seek such additional or other protection as that party may deem appropriate with regard to the confidentiality of the information;

(h) be construed to require any party to produce information that it considers privileged or otherwise not subject to discovery; and

(i) be deemed a waiver of any objections a party otherwise would have to any discovery request propounded in this action or a waiver of any third party's claim to right of privacy.

9. Nothing in this Order shall prevent any party from seeking modification to this Order or from presenting a motion for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.

6

**STIPULATION FOR PROTECTIVE ORDER RE: HILTON WORLDWIDE, INC. FRANCHISE AGREEMENT**

{01024505.DOC}

This Order shall in no way affect or impair the right of any party to compel discovery or to seek additional or different protection for Confidential Information, or to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery of such Confidential Information or to the use, relevance or admissibility of the Confidential Information at trial or in any other proceeding in the trial court or on appeal.

10. In the event that anyone shall violate or threaten to violate any term of this Order (unauthorized disclosure, publication, dissemination or release of any Confidential Information to any third party shall be deemed a material breach of this Order) the parties agree that the aggrieved party shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach and that the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy at law. Such remedies shall not be deemed to be the exclusive remedy for a breach of this Order, but shall be in addition to all other remedies available at law or equity to the aggrieved party. Any such person violating or threatening to violate any of the terms of this Order shall be responsible to pay or reimburse the aggrieved party for any reasonable costs and attorney fees incurred by the aggrieved party while defending the claim plus interest over those amounts at the yearly rate of 12%, or the highest then allowed by law.

11. This Order shall survive the final termination of this action and the Court shall retain jurisdiction to enforce, construe or modify its terms. Within forty-five (45) days following final disposition of this action, counsel for the Parties shall assemble and return to Hilton all Confidential Information, including all copies of same, or (by mutual agreement only) shall certify the destruction thereof, except Counsel shall be permitted to retain for their respective files (i) copies of all papers and documents filed with the Court and (ii) their work product, such as pleadings, correspondence, and memoranda, which contain or refer to Confidential Information, provided that all such Confidential Information and work product shall remain subject to this Stipulated Protective Order.

12. This Order may be executed in counterparts, all of which together shall be one instrument and all of which shall be considered an original document to be forwarded to the Court for execution.

13. If Confidential Information is at any time subpoenaed or demanded by any person or entity not a party to this Order from a person bound by this Order, the person to whom the subpoena or demand is directed shall use his or its best efforts not to disclose such material without first giving the producing party written notice of, and a reasonable opportunity to oppose the subpoena or demand. Nothing in this Order shall: (a) preclude any party from issuing or serving in any other action or proceeding any subpoena or demand for documents or information that may have been designated as Confidential Information in this proceeding; (b) affect the rights of the responding party to object to such production; or, (c) otherwise limit or affect the rights of any person or party to seek or oppose discovery in any other proceeding.

14. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Dated: June 8, 2012

PORTER SCOTT
A PROFESSIONAL CORPORATION

By _____
Carl L. Fessenden
David P.E. Burkett
Attorneys for Defendants

Dated: June 8, 2012

LAW OFFICES OF JOHNNY L. GRIFFIN, III

By _____
Johnny L. Griffin
Manolo Olaso
Attorney for Plaintiff

8

STIPULATION FOR PROTECTIVE ORDER RE: HILTON WORLDWIDE, INC. FRANCHISE AGREEMENT

{01024505.DOC}

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: June __26__, 2012

*Paul S. Grewal* (signature)
~~JUDGE EDWARD J. DAVILA~~
~~United States District Court Judge~~
Judge Paul S. Grewal
United States Magistrate Judge

STIPULATION FOR PROTECTIVE ORDER RE: HILTON WORLDWIDE, INC. FRANCHISE AGREEMENT

{01024505.DOC}